Jeffrey S. Dubin, P.C.
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
631.351.0300
631.351.1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES of the SHEET METAL WORKERS'         CIVIL ACTION NO.
NATIONAL PENSION FUND; TRUSTEES of the       15 CV 4460
NATIONAL ENERGY MANAGEMENT INSTITUTE         ECF CASE
COMMITTEE FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; TRUSTEES of the
SHEET METAL OCCUPATIONAL HEALTH
INSTITUTE TRUST; TRUSTEES of the
INTERNATIONAL TRAINING INSTITUTE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY; TRUSTEES of the NATIONAL
STABILIZATION AGREEMENT OF THE SHEET
METAL INDUSTRY FUND,
                                                                  COMPLAINT
                        Plaintiffs,

        -against-

CONAIR CORPORATION, and
BARRY STRANSKY, as an individual,

                        Defendants.
------------------------------------------------------------------x

    Plaintiffs, complaining of the defendants, by their attorneys, JEFFREY S. DUBIN, P.C., allege as follows:

    1.   This is an action by the Trustees of five, multi-employer, employee benefit plans to enforce the obligations of the defendants to make contributions to these plans and for interest, additional interest, audit fees and costs, reasonable attorney's fees and the costs of this action. The

five plans provide pension and other benefits to thousands of active and retired sheet metal workers' and their families. This action also seeks to remedy breaches of fiduciary obligations and prohibited transactions of the defendants. The jurisdiction of this Court is invoked under Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132, and under 28 U.S.C. § 1331 (federal question statute). This action also seeks an accounting from the defendants and restitution from the defendants under the provisions of ERISA that provide for equitable relief. ERISA requires the Trustees to take all reasonable steps to collect delinquent contributions. ERISA further requires the Trustees to provide pension credits to plan participants even if the Trustees are unable to collect delinquent contributions.

    2.    At all times material or relevant to this action, Sheet Metal Workers' National Pension Fund ("Pension Fund); National Energy Management Institute Committee For The Sheet Metal and Air Conditioning Industry ("NEMIC"); Sheet Metal Occupational Health Institute Trust ("SMOHIT"); International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"); and National Stabilization Agreement of the Sheet Metal Industry Fund ("SASMI"), (all of which are hereinafter called the "Benefits Funds") were employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

    3.    At all times material or relevant to this action, the Trustees of the Sheet Metal Workers' National Pension Fund ("Pension Fund); the Trustees of the National Energy Management Institute Committee For The Sheet Metal and Air Conditioning Industry ("NEMIC"); the Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT"); the Trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"); the Trustees of the National Stabilization Agreement of the Sheet Metal Industry Fund ("SASMI"), were

Page Number 2

named fiduciaries within the meaning of 29 U.S.C. §§ 1102(a), 1132(a) and 1132(d).

4. Upon information and belief, at all times material or relevant to this action, the defendant CONAIR CORPORATION, ("Corporate Defendant") is and was a corporation, incorporated under the laws of the State of New York.

5. At all times material or relevant to this action, Corporate Defendant is and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

6. At all times material or relevant to this action, Corporate Defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

7. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2).

8. Heretofore, Corporate Defendant entered into contracts which, *inter alia*, provided for contributions by Corporate Defendant to the Pension Fund and NEMIC, and SMOHIT, and ITI and SASMI for certain hours worked by participants employed by said Corporate Defendant.

9. The Benefits Funds are third party beneficiaries of said contract.

10. Said contracts incorporate by reference the provisions of the Agreements and Declarations of Trust of the Benefits Funds.

11. The contracts further provide that said Agreements and Declarations of Trust and the interpretations of these documents by the respective Boards of Trustees of the Benefits Funds are binding upon the defendants.

12. Said contracts, *inter alia,* provide that "contributions are considered assets of the respective Funds and title to all monies paid into and/or due and owing said Funds shall be vested in and remain exclusively in the Trustees of the respective Funds. The Employer shall have no legal or equitable right, title or interest in or to any sum paid by or due from the Employer."

13. Said Agreements and Declarations of Trust provide that if an Employer fails to pay the required Contributions and submit accurate supporting remittance reports within five days of the due date, that Employer will be liable for liquidated damages equal to of 20% of the delinquent Contributions calculated from the date such was due to the date paid.

14. Pursuant to said Agreements and Declarations of Trust and said contracts, Corporate Defendant owes liquidated damages to plaintiffs.

15. Pursuant to said contracts, Corporate Defendant employed persons who were participants in the Benefits Funds within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), while said contracts were in full force and effect.

16. Pursuant to said contracts, the said participants employed by Corporate Defendant, performed covered work, which is work that is covered by the said contracts.

17. Pursuant to said contracts, Corporate Defendant was required to make contributions to plaintiffs for the period February 1, 2012 through July 31, 2012.

18. At all times material or relevant to this action, defendant BARRY STRANSKY ("Individual Defendant") was a principal owner of this closely held entity.

19. At all times material or relevant to this action, the Individual Defendant exercised control over the activities and operations of Corporate Defendant.

20. At all times material or relevant to this action, the Individual Defendant exercised "authority or control respecting management or disposition" over certain assets of the Benefits Funds, within the meaning of 29 U.S.C. § 1002(21)(A).

21. At all times material or relevant to this action, the Individual Defendant determined whether or not Corporate Defendant made contributions to the Benefits Funds.

22.     At all times material or relevant to this action, the Individual Defendant determined whether or not Corporate Defendant made timely contributions to the Benefits Funds.

23.     At all times material or relevant to this action, the Individual Defendant determined whether or not Corporate Defendant used assets of the Benefits Funds to pay other obligations of the Corporate Defendant.

24.     At all times material or relevant to this action, the Individual Defendant signed or caused to be signed most or all of the Corporate Defendant's checks.

25.     At all times material or relevant to this action, the Individual Defendant directed money from one account of the Corporate Defendant to another.

26.     At all times material or relevant to this action, the Individual Defendant determined whether or not the Corporate Defendant transferred assets of the Benefits Funds to himself.

**AS AND FOR A FIRST CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFF PENSION FUND**

27.     Plaintiff Pension Fund repeats and realleges each and every allegation set forth in paragraphs 1 through 26.

28.     Corporate Defendant has failed and refused and continues to refuse to pay to plaintiff Pension Fund the amounts owed to said plaintiff in breach of the terms of the Agreement and Declaration of Trust of the Pension Fund and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; and in violation of 29 C.F.R. § 2510.3-102, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

**AS AND FOR A SECOND CLAIM FOR
RELIEF ON BEHALF OF PLAINTIFF NEMIC**

29.     Plaintiff NEMIC repeats and realleges each and every allegation set forth in

paragraphs 1 through 26.

30. Corporate Defendant has failed and refused and continues to refuse to pay to plaintiff NEMIC the amounts owed to said plaintiff in breach of the terms of the Agreement and Declaration of Trust of NEMIC and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; and in violation of 29 C.F.R. § 2510.3-102, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

### AS AND FOR A THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF SMOHIT

31. Plaintiff SMOHIT repeats and realleges each and every allegation set forth in paragraphs 1 through 26.

32. Corporate Defendant has failed and refused and continues to refuse to pay to plaintiff SMOHIT the amounts owed to said plaintiff in breach of the terms of the Agreement and Declaration of Trust of SMOHIT and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; and in violation of 29 C.F.R. § 2510.3-102, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

### AS AND FOR A FOURTH CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF ITI

33. Plaintiff ITI repeats and realleges each and every allegation set forth in paragraphs 1 through 26.

34. Corporate Defendant has failed and refused and continues to refuse to pay to plaintiff ITI the amounts owed to said plaintiff in breach of the terms of the Agreement and Declaration of Trust of ITI and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; and in violation of 29 C.F.R. § 2510.3-102, said amounts are as set forth hereinafter, no part of which has

been paid although duly demanded.

## AS AND FOR A FIFTH CLAIM FOR
## RELIEF ON BEHALF OF PLAINTIFF SASMI

35.     Plaintiff SASMI repeats and realleges each and every allegation set forth in paragraphs 1 through 26.

36.     Corporate Defendant has failed and refused and continues to refuse to pay to plaintiff SASMI the amounts owed to said plaintiff in breach of the terms of the Agreement and Declaration of Trust of SASMI and in violation of the provisions of Section 515 of ERISA, 29 U.S.C. § 1145; and in violation of 29 C.F.R. § 2510.3-102, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

## AS AND FOR A SIXTH CLAIM FOR
## RELIEF ON BEHALF OF THE BENEFITS FUNDS

37.     Plaintiffs Benefits Funds repeat and reallege each and every allegation set forth in paragraphs 1 through 36.

38.     Plaintiffs are required by ERISA to collect all contributions owed by defendants to the Benefits Funds.

39.     In order to carry out that statutory mandate, the Benefits Funds require an accounting of the payroll records and tax returns of defendants.

40.     Without an accounting, the Benefits Funds will not be able to accurately determine the amounts owed by defendants to each of the Benefits Funds.

41.     The Benefits Fund seek an Order of this Court requiring defendants to provide the Benefits Funds with an accounting of all sums owed to each of the Benefits Funds.

## AS AND FOR A SEVENTH CLAIM FOR
## RELIEF ON BEHALF OF THE BENEFITS FUNDS

42.     Plaintiffs Benefits Funds repeat and reallege each and every allegation set forth in paragraphs 1 through 41.

43.     By exercising control over assets belonging to the Benefits Funds, the Individual Defendant is a fiduciary with respect to said assets of the Benefits Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

44.     By retaining assets of the Benefits Funds for his own use, said fiduciary has breached the fiduciary obligations owed to the Benefits Funds and committed prohibited transactions within the meaning of Part 4 of Subchapter I of Chapter 18 of Title 29 of the United States Code, 29 U.S.C. § 1101 *et seq.*

45.     Said individual defendant is individually liable to make restitution to the Benefits Funds in the amounts as are set forth hereinafter, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), and 28 U.S.C. § 1331:

1.     On the First Claim for Relief in favor of plaintiff Pension Fund and against Corporate Defendant in the amount of $4,607.24.

2.     On the Second Claim for Relief in favor of plaintiff NEMIC and against Corporate Defendant in the amount of $11.28.

3.     On the Third Claim for Relief in favor of plaintiff SMOHIT and against Corporate Defendant in the amount of $7.51.

4. On the Fourth Claim for Relief in favor of plaintiff ITI and against Corporate Defendant in the amount of $45.06.

5. On the Fifth Claim for Relief in favor of plaintiff SASMI and against Corporate Defendant in the amount of $922.06.

6. In accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), awarding plaintiffs on the foregoing claims for relief against Corporate Defendant:

    a. interest of 8½ % on said unpaid contributions pursuant to ERISA Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made.

    b. additional interest of 20% on said unpaid contributions pursuant to ERISA Section 502(g)(2)[C] and (E), 29 U.S.C. §§ 1132(g)(2)[C] and (E) of $1,118.62.

    c. Audit fees and costs pursuant to the Agreements and Declarations of Trust and the contracts of $3,000.00.

    d. reasonable attorneys fees and costs of the action pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

7. On the Sixth Claim for Relief in favor of plaintiffs Benefits Funds and against Corporate Defendant and Individual Defendant, jointly and severally, for an accounting of the books and records and tax returns of the defendants so that the Benefits Funds may accurately determine the contributions that are owed by the defendants to the Benefits Funds.

8. On the Seventh Claim for Relief in favor of plaintiffs Benefits Funds and against the Individual Defendant:

    a. for delinquent contributions in the amount of $5,593.15;

      b.    plus reasonable attorney's fees and costs pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D);

      c.    plus interest of 8½ % on said unpaid contributions pursuant to ERISA Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made.

      d.    plus additional interest of 20% on said unpaid contributions pursuant to ERISA Section 502(g)(2)[C] and (E), 29 U.S.C. §§ 1132(g)(2)[C] and (E) of $1,118.62.

      e.    Audit fees and costs pursuant to the Agreements and Declarations of Trust and the contracts of $3,000.00.

AND, for such other, further and different relief under ERISA, as this Court deems appropriate.

Dated: July 30, 2015

                                                                   _____
                                                                   Jeffrey S. Dubin (JD-0446)
                                                                   Jeffrey S. Dubin, P.C.
                                                                   Attorneys for Plaintiffs
                                                                   464 New York Avenue, Suite 100
                                                                   Huntington, New York 11743
                                                                   631.351.0300
                                                                   631.351.1900 FAX
                                                                   DubinJS@cs.com

To:    Defendants (Fed.R.Civ.P. § 4)
         United States District Court (Fed.R.Civ.P. § 3)
         Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h)
         RRR#: 7012 3460 0000 7809 0951
         Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h)
         RRR#: 7012 3460 0000 7809 0944